**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 5, 2021[*]
Decided January 7, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-1622

| | |
|---|---|
| RAPHAEL DRIVER, *Petitioner-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:20-cv-140-JRS-TAB |
| INDIANA PAROLE BOARD, *Respondent-Appellee*. | James R. Sweeney II, *Judge*. |

**O R D E R**

A hearing officer at Indiana's New Castle Correctional Facility found Raphael Driver guilty of assaulting a guard and a case manager. The prison sanctioned him with six months of disciplinary segregation and a temporary suspension of phone and commissary privileges. Driver, who says he has paranoid personality disorder and post-traumatic stress disorder, maintains he is innocent of those charges and asserts that the

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

hearing officer disregarded witness testimony and his mental-health evidence. He petitioned for a writ of habeas corpus, 28 U.S.C. § 2254, contending that he was punished without due process because there was insufficient evidence to support the violation. The district court dismissed his petition, concluding that his allegations could not lead to relief under § 2254 because they did not concern the loss of good-time credits and therefore did not affect the duration of his state custody.

Driver has since been released on parole, so we must first determine whether his petition is now moot. A live case or controversy must exist at all stages of review. *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011); *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40 (1950). Ordinarily, parole does not remove a petitioner from state "custody" for purposes of a habeas petition. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *United States v. Trotter*, 270 F.3d 1150, 1153 (7th Cir. 2001). But for this case to be live, Driver must show that he could obtain some "potential benefit" from a favorable decision. *See Pope v. Perdue*, 889 F.3d 410, 415 (7th Cir. 2018).

On that score, Driver says that his imprisonment was wrongfully extended because the parole board denied his application in November 2019 as a result of the disciplinary sanctions he challenges. But his disciplinary record was only one reason for the denial; the parole board cited the violent nature of his offense and his criminal history as two others. The best that Driver can do is "point to the *possibility* that he *might* have served a shorter period" of imprisonment were it not for the discipline, but that is not enough. *See Eichwedel v. Curry*, 700 F.3d 275, 279 (7th Cir. 2012) (emphasis in original). A federal court cannot now retroactively shorten his time in prison, nor can it shorten his parole term. Under Indiana law, because he has already been re-incarcerated once after obtaining parole, Driver must serve parole until either two years from his release from prison or until the fixed discharge date of his sentence in April 2021, whichever is sooner. *See* IND. CODE § 35-50-6-1(b). Even if he had been paroled in November 2019, therefore, his time in custody would have still lasted until April 2021. Because a favorable decision could provide him no redress with respect to his time in custody, his case is moot.

Accordingly, we VACATE the decision and REMAND with the instruction to dismiss the petition as moot. *See Munsingwear*, 340 U.S. at 39.